Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2120 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Bassam Saffaf, et al. Vs. Emirates Airlines | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs' motion to remand [11] is granted. The instant action is hereby ordered remanded to the Circuit Court of Cook Count (2010L2753). All pending dates and motions before this Court are stricken as moot. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## OPINION

    This matter is before the court on Plaintiffs' motion to remand. Plaintiffs contend that they purchased plane tickets from Defendant Emirates Airlines (EA) via a travel agent for a round trip from New York to Damascus, Syria. Plaintiffs allegedly flew to Damascus, and before returning to New York, Plaintiffs were told by an EA agent (Agent) that the tickets for the return flight had been reassigned to other passengers. Plaintiffs allegedly complained to the Agent, and the Agent refused to reassign the tickets to Plaintiffs. The Agent also allegedly verbally abused Plaintiffs and canceled Plaintiffs' tickets on scheduled flights. The Agent also allegedly told Plaintiffs that he was a member of the Syrian establishment and that he would have the Syrian police throw Plaintiffs out of the EA office and make sure that Plaintiffs never left Syria. In addition, the Agent also allegedly contacted the Syrian police. Plaintiffs claim that they feared the Syrian police and sought refuge in the American Embassy in Damascus. Plaintiffs claim that they were finally able to return to the United States by purchasing tickets on Royal Jordanian Airlines. Plaintiffs also claim that one Plaintiff lost business income and another Plaintiff was denied school credit due to their extended absences from the United States. Plaintiffs include in their complaint breach of contract claims (Count I), tortious interference claims (Count II), assault claims (Count III), Fraud and Deceptive Practices Act (Fraud

| **OPINION** |
|---|

Act) claims (Count IV), and intentional infliction of emotional distress claims (Count V). Plaintiffs brought the instant action in state court and it was removed to federal court. Plaintiffs now move to remand the instant action back to state court.

Pursuant to 28 U.S.C. § 1441(a), with certain exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." *Id.* Once an action is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). EA contends that this court has diversity subject matter jurisdiction in this case. Plaintiffs argue that EA has not shown that the amount in controversy requirement is satisfied in this case. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." *Id.* If a defendant indicates that a case satisfies the amount in controversy requirement, a case can be remanded on the basis of failing to meet the requirement "if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)(quoting in part *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The claims of each Plaintiff in this case must satisfy the amount in controversy. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)(indicating that "'when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements'")(quoting *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 589 (1939)).

In the instant action, Plaintiffs allege that they were required to purchase new plane tickets for their return flights. Plaintiffs also vaguely mention certain lost business expenses and tuition expenses relating to two of the Plaintiffs. However, such allegations are far from sufficient to indicate more than minimal

**OPINION**

damages. Plaintiffs also seek punitive damages. However, based on the circumstances alleged in this complaint and the minimal amount of compensatory damages at issue, punitive damages would not be available to such an extent that the amount in controversy requirement could conceivably be met for each Plaintiff. Thus, EA has not shown that this court has diversity subject matter jurisdiction.

EA also contends that this court has subject matter jurisdiction under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.*, arguing that EA is an agency or instrumentality of the Government of Dubai, United Arab Emirates. EA, as the removing party, has the burden to establish that this court has subject matter jurisdiction. *Oshana*, 472 F.3d at 510-11. EA has provided a few concise exhibits, none of which establish that EA is an agency or instrumentality of a foreign government. EA has not met its burden to show that this court has subject matter jurisdiction, and we grant the motion to remand.